IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GLANCY                        )
                                      )
          Plaintiff,                  )
                                      )
   -vs-                               )          Civil Action No.  16-118
                                      )
NANCY A. BERRYHILL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
          Defendant.                  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 17).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 18).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

## I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act").  Plaintiff filed his applications alleging he had been disabled since December 26, 2012.  (ECF No. 7-6, pp. 2, 4, 11, 18).  Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing on September 16, 2014.  (ECF No. 7-3).  On December 5, 2014, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 7-2, pp. 20-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF No. 11 and 17).  The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

II.     **LEGAL ANALYSIS**

A.      **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **Post Decision Evidence**

Plaintiff's only argument is that the case should be remanded pursuant to sentence six of 42 U.S.C. §405(g) such that the case can be reconsidered with post decision evidence submitted to the Appeals Council. (ECF No. 12, pp. 14-21). As I mentioned previously, the instant review of the ALJ's decision is not *de novo.*[2] If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

---

[2] An ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of an ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted, for the first time to the Appeals Council, *inter alia,* Exhibits 11F (Meadville Medical Center dated August 22, 2013 through September 6, 2013) and 12F (Stairways Behavior Health dated August 26, 2013 through November 17, 2014). (ECF No. 7-2, p. 6). Plaintiff argues that the information contained in Exhibit 11F and 12F is new, material and there is good cause as to why he did not submit it prior to the decision. (ECF No. 12, pp. 15-21). After a review of the evidence I disagree.

Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added). In his brief, Plaintiff acknowledges that the evidence is indicative of his condition during the relevant time (prior to December 5, 2014, the date of the ALJ's opinion). (ECF No. 12, pp. 15-16). In so doing, Plaintiff's counsel acknowledges that said information was available at that time, but that she had just not secured the same. (ECF No. 12, p. 16-17). Since the evidence was available, it is not new. *Sullivan,* 496 U.S. at 626.

Additionally, the only reason given by Plaintiff's counsel as to why she had not submitted the evidence before the ALJ's determination was that she had not yet obtained the records. (ECF No. 12, pp. 16-17). While I acknowledge that Plaintiff's counsel had requested that the record remain open such that she could obtain and submit the documents, the ALJ reasonably kept the record open for 80 days through December 5, 2014 (the date of the decision). (ECF

No. 7-2, pp. 20-32).  At no time prior thereto did Plaintiff's counsel submit the records, nor did Plaintiff's counsel request a subpoena to compel production or seek the ALJ's help in securing the documents.  Thus, I find that Plaintiff has failed to show good cause for not submitting the evidence to the ALJ prior to his December 5, 2014 decision.[3]

Consequently, remand under Sentence Six is not warranted.

An appropriate order shall follow.

---

[3] I need not reach a conclusion on whether the information is material because Plaintiff has failed to show that the evidence was not new and good cause was not shown. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GLANCY                          )
                                        )
          Plaintiff,                    )
                                        )
      -vs-                              )          Civil Action No.  16-118
                                        )
NANCY A. BERRYHILL,[4]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
          Defendant.                    )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 7th day of August, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

s/  Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.